■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCE L. HOWINGTON, Appellant.—Judgment unanimously affirmed *(see, People v Brooks,* 154 AD2d 931). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—grand larceny, fourth degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ ROBERT W. PRECOURT, Respondent, v MICHELLE A. KYANKA, Appellant.—Order unanimously reversed on the law without costs, cross motion denied, motion granted, and complaint dismissed. Memorandum: The affidavit of service by mail raised a presumption that proper mailing occurred, and because service was complete upon mailing, the affidavit of plaintiff's attorney stating that he was convinced that his office did not receive the order of preclusion does not raise an issue of fact whether proper service was made *(see, Engel v Lichterman,* 62 NY2d 943, 944, *affg* 95 AD2d 536). In his affidavit opposing this motion, plaintiff's attorney did not raise any issue concerning the validity of the affidavit of service and he did not contend that the order was not mailed.

In the absence of an affidavit setting forth a justifiable excuse for the delay and merit to the action, the court should not have vacated the order of preclusion and it should have granted defendant's motion for summary judgment dismissing the complaint. (Appeal from order of Supreme Court, Onondaga County, Reagan, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ In the Matter of JOANN M. BAILEY, Individually and as President of the Atlantic/University Neighborhood Association, Petitioner, v CITY PLANNING COMMISSION OF THE CITY OF ROCHESTER, Respondent. BARREL OF DOLLS SALOON, INC., Proposed Intervenor-Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The court erred in denying appellant's motion to intervene brought pursuant to CPLR 7802 (d) for the purposes of appealing an order granting petitioner's CPLR article 78 petition. That petition sought to annul respondent's decision granting appellant's application for a special use permit. Appellant is an aggrieved party (CPLR 5511), and it was entitled to move to intervene after learning that respondent did not plan to appeal the order *(see, e.g., Auerbach v Bennett,* 47 NY2d 619, 628). (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—intervention.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ In the Matter of GERALD L. KOHN.—Order entered

terminating suspension and reinstating petitioner as an attorney and counselor-at-law. Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.

■ CINDY ESTRUCH et al., Appellants, v VOLKSWAGEN AG. et al., Respondents.—Motion to dismiss cross appeal granted unless plaintiffs file the original stipulated or settled record and 14 copies thereof and 15 briefs on the appeal on or before February 19, 1991. Memorandum: An appeal is taken by service of the notice of appeal on the adverse party and by filing it in the office of the County Clerk (CPLR 5515 [1]). Here defendants served a notice of appeal but did not file it until after plaintiffs served and filed a notice of cross appeal. Thus, plaintiffs appealed first and they are required to perfect the appeal first (see, 22 NYCRR 1000.5 [b] [5]). Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ. (Order entered Dec. 18, 1990.)

■ PEOPLE, Respondent, v WILLIAM DAVID PERKINS, Appellant.—Motion to extend order granting stay denied. Memorandum: Defendant is appealing from a judgment of the Cattaraugus County Court entered in the Cattaraugus County Clerk's office on July 10, 1990. The parties agree that on July 25, 1990, that court granted defendant's application for his release from custody and stayed execution of his sentence for 120 days pending this appeal from his conviction on two counts of rape in the second degree. On November 30, 1990, defendant applied to this court for an extension of that stay. There is no record, however, of any order granting a stay entered in the Cattaraugus County Clerk's office upon which to base any extension. Thus, defendant's request for an extension is denied, with leave to apply upon the filing of a proper order of County Court. Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ. (Order entered Dec. 14, 1990.)